UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER CALAIS** | **CIVIL DOCKET NO. 6:24-cv-01426** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **STARR INDEMNITY & LIABILITY COMPANY** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendant Starr Indemnity & Liability Company (hereinafter, "Defendant"). [Doc. 11]. An Opposition was filed by the Plaintiff, Christopher Calais (hereinafter, "Plaintiff") [Doc. 13], to which Defendant filed a Reply [Doc. 14]. For the following reasons, Defendant's motion is GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 6, 2022, Plaintiff was involved in a motor vehicle accident in Lafayette, Louisiana, where he collided with a vehicle driven by Henry Williams (hereinafter, "Williams"). [Doc 11-2, pp. 1-2]. At the time of the accident, Plaintiff was operating a 2017 Peterbilt truck owned by his employer, American Air Liquide Inc. (hereinafter, "American Air"). *Id.* at p. 3. The policy had effective dates of July 1, 2022, to July 1, 2023, and was identified by Policy No. 1000635788221. [Doc. 11-2, p. 2]; [Doc. 11-3]. During this period of time, a legal representative of American Air signed a State of Louisiana UNINSURED/UNDERINSURED MOTORIST BODILY INJURY COVERAGE FORM (hereinafter, the "Form"), [Doc. 11-4], in which he opted to waive uninsured- or under-insured- motorist ("UM") coverage.

Plaintiff first filed a claim with Williams' automobile liability insurance carrier. The insurer tendered its policy limits to Plaintiff on or about September 1, 2023, after determining that Williams was the cause of the accident. [Doc. 11-2, p. 2]. Plaintiff then pursued a claim for UM coverage with Defendant. *Id.* at p. 3. Upon Defendant's failure to tender UM benefits. Plaintiff filed suit against Defendant on August 30, 2024, in the 15th Judicial District Court for Lafayette Parish. *Id.* at p. 1. Plaintiff alleges that he is entitled to attorney's fees, damages, and penalties for Defendant's failure to act pursuant to La. R.S. § 22:1892. *Id.* at p. 7. Defendant removed the case on October 17, 2024, pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332. [Doc. 1]. Defendant's Motion is now ripe for ruling.

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson, Inc.,* 477 U.S. at 248.

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim.

*Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017), *quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

<u>LAW AND ANALYSIS</u>

I. **Validity of the UM Rejection**

In his Petition, Plaintiff asserts that the Form, [Doc. 11-4], is invalid because the policy number was not written in, nor printed anywhere else on the Form. [Doc. 11-2, p. 4]. In the instant Motion, Defendant asserts that the Louisiana

Commissioner of Insurance no longer requires the policy number to be present on the Form. [Doc. 11-1, pp. 4-5]. As such, Defendant contends that it is proper for the Court to grant summary judgment on Plaintiff's claim. In response, Plaintiff concedes that the UM rejection was valid but argues that there are genuine issues of material fact regarding Mark Vandevere's (hereinafter, "Vandevere") authority to waive UM coverage on behalf of American Air. [Doc. 13]. In reply, Defendant argues that Louisiana Supreme Court jurisprudence establishes Vandevere's affidavit is sufficient to establish his authority to execute the UM rejection. [Doc. 14].

"In Louisiana, UM coverage is governed by statute in addition to the terms of the insurance contract." *Washington v. Uber Techs., Inc.*, 2023 WL 3004662, at *2 (E.D. La. Apr. 19, 2023), *citing* La. R.S. § 22:1295. "The UM coverage statute is to be liberally construed, and the insurer bears the burden of proving any insured named in the policy rejected in writing the coverage equal to bodily injury coverage or selected lower limits." *Berkley Assurance Co. v. Willis,* 328 So. 3d 567, 573 (La. App. 4th Cir. 2021), *writ granted,* 334 So. 3d 390 (La. 2022), *and aff'd* 355 So. 3d 591 (La. 2022). "[R]ejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance." La. R.S. § 22:1295(1)(a)(ii).

In *Duncan v. U.S.A.A. Ins. Co.,* 950 So. 2d 544, 551 (La. 2006), the Louisiana Supreme Court set forth the required elements for a rejection or amendment of UM coverage based on the then-current form prescribed by the Louisiana Commissioner

of Insurance.[1] However, "[f]ollowing a revision of the standard UM form and Bulletin 08-02 set forth by the insurance commissioner in 2010, inclusion of the policy number on a UM waiver form is optional, but inclusion of the insurer's name is now mandatory." *Ward v. Rasier, LLC*, 2024 WL 4964733, at *4 (E.D. La. Dec. 4, 2024), *citing Berkley Assurance Co.,* 328 So. 3d 567. *See also Washington,* 2023 WL 3004662. As such, the current requirements for a rejection or amendment of UM coverage are as follows:

> 1) initialing the selection or rejection of coverage chosen; 2) if limits lower than the policy limits are chosen, then filling in the amount of coverage selected for each person and each accident; 3) printing the name of the named insured or legal representative; 4) signing the name of the named insured or legal representative; 5) filling in the insurer's name, the group name, or the insurer's logo; and 6) filling in the date.

*Berkley*, 355 So. 3d at 596.

To start, Louisiana law clearly demonstrates that Vandevere had authority to sign the UM rejection. The Louisiana Supreme Court has held that an affidavit of an "executive officer acknowledging his signature on the rejection form and his authority to execute such a form was sufficient proof of this authorization." *Gunter v. State Farm Mut. Auto. Ins. Co.,* 88 So. 3d 444 (La. 2012). Vandevere's affidavit establishes that he was employed as the Director of Risk Management for American Air at the time the UM rejection was signed. [Doc. 11-3]. In this role, Vandevere attests that

---

[1] The *Duncan* Court stated the following requirements: "(1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date."

he had authority to act as a legal representative in waiving UM Coverage. *Id.* Moreover, Vandevere testifies that he completed, initialed, and signed the Form on behalf of American Air. *Id.* As such, Defendant submitted sufficient summary judgment evidence to establish that Vandevere had authority to reject UM coverage on behalf of American Air. Turning to the Form itself, the following information was manually written in: (i) Vandevere's initials to select a rejection of UM coverage, (ii) Vandevere's printed name, (iii) Vandevere's signature, (iv) the Defendant's name, and (v) the date. [Doc. 11-4]. As such, the Form meets the requirements of Louisiana law and is a valid rejection of UM coverage.

"Because there is an executed and valid waiver form, there exists a rebuttable presumption that the insured knowingly rejected uninsured motorist coverage." *Washington*, 2023 WL 3004662, at *3, *citing Terrell v. Fontenot,* 96 So. 3d 658, 661. (La. App. 4th Cir. 2012). La. R.S. § 22:1295(1)(a)(ii). "The burden now shifts to the insured to show that the form was not properly completed." *Id, citing Rapalo-Alfaro v. Lee*, 173 So. 3d 1174, 1180 (La. App. 4th Cir. 2015). In response, Plaintiff concedes that the UM rejection form was valid, setting forth no evidence to overcome this presumption.[2] As such, the Court finds that Plaintiff did not have UM coverage at the time of the accident.

---

[2] "Despite the change in the law now not requiring a policy number to be indicated on *the UM Waiver form* genuine issues of fact remain in this manner." [Doc. 13, p. 5] (emphasis added).

## II. Plaintiff's Additional Arguments

Plaintiff also asserts that summary judgment is not warranted because there are genuine disputes of material fact surrounding Defendant's alleged misrepresentations of UM coverage following the accident.[3] [Doc. 13]. Plaintiff presents two emails, one dated August 15, 2023, and the other dated July 24, 2024, wherein Defendant's employees indicated and/or suggested that Plaintiff had UM coverage.[4] Because a finding of misrepresentation requires determinations of credibility, Plaintiff argues that summary judgment is not appropriate. [Doc. 13]. In reply, Defendant contends that: (i) it is not liable for any bad faith claims because there was no underlying UM coverage, (ii) there is no evidence of fraud or mutual error to reform the policy, (iii) Plaintiff presents no legal theory or jurisprudence to establish that the emails in the record created additional insurance coverage, and (iv) because of the foregoing, no additional discovery is permissible. [Doc. 14].

It is well established in Louisiana that "breach of contract is a condition precedent to recovery for the breach of the duty of good faith" and is therefore required in order to recover for bad faith claims brought pursuant to La. R.S. §§

---

[3] The Court highlights that Plaintiff's Petition did not assert a separate negligent misrepresentation claim, but rather asserted claims under La. R.S. § 22:1892. As such, the Court understands Plaintiff's discussion of misrepresentation as being governed by La. R.S. § 22:1892(I)(2)(a) ("A misrepresentation of pertinent facts or insurance policy provisions relating to any coverages at issue.").

[4] [Doc. 13-4] ("Tuesday August 15, 2024, … Ms. Monique, the um coverage is $2,000,000 and I will be able to send the $5,000 tonight for the policy limits of the Med pay claim."); [Doc. 13-6] ("July 25, 2024 … Good afternoon, I trust this message finds you in good health. I would like to extend my apologies for the delayed response, as I have recently been assigned to handle this claim. I am reaching out to inquire whether you have an updated demand available. Alternatively, if the demand is not yet prepared, could you kindly provide me with an update on the injured party's condition? Thank you for your attention to this matter.").

22:1973 and 22:1892. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010); *see also, Kosak v. Louisiana Farm Bureau Cas. Ins. Co.*, 316 So. 3d 522, 531 (La. App. 1st Cir. 2020) ("The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim ... [I]f the plaintiffs ... fail to prove at trial that [insurer] breached its contractual obligations, then [insurer] would be absolved of liability [for bad faith claims.]"). Here, in finding that Vandevere completed a valid UM rejection under Louisiana law, Plaintiff has no underlying claim for breach of contract against Defendant. Accordingly, Defendant did not act in bad faith as a matter of law.[5]

Lastly, to the extent Plaintiff attempts to argue for reformation of the insurance contract through the email correspondence discussed herein, this argument also fails. "Reformation of the insurance contract is an extraordinary remedy, and the courts exercise it with great caution. … In the absence of fraud, the party seeking reformation has the burden of proving a mutual error in the written policy." *Chet Morrison Contractors, L.L.C. v. Spartan Directional, LLC*, 391 So. 3d 1103, 1113 (La. App. 1st Cir. 2024). Plaintiff does not present sufficient evidence to survive summary judgment on such a claim.

---

[5] The Court notes that additional discovery is not merited because Plaintiff could not present any new evidence that would change the Motion's outcome. *Jan. v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) ("The mover of a Fed. R. Civ. P. 56(d) motion must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, *will influence the outcome of the pending summary judgment motion.*") (emphasis added).

## CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine dispute of material fact, and that Defendant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 11] is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 20th day of February 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE